IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:15-CV-9-H

| | |
|---|---|
| RICHARD COLEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> CONNIE JAMES THORNLEY, Clerk ) <br> Pasquotank County Superior Court, WENDY ) <br> STOKELY, Assistant Clerk, M.H. HOOD ) <br> ELLIS, Attorney, and JERRY TILLETT, ) <br> Judge, ) <br> ) <br> Defendants. ) <br> ) | **ORDER and <br> MEMORANDUM & <br> RECOMMENDATION** |

This pro se case is before the court on the application [DE #1] by Plaintiff Richard Coleman to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B), the matter having been referred to the undersigned by the Honorable Malcolm J. Howard, Senior United States District Judge. For the reasons set forth below, Plaintiff's application to proceed in forma pauperis is allowed, and it is recommended that Plaintiff's claim against Defendants be dismissed.

## IFP MOTION

The standard for determining *in forma pauperis* status is whether "one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Based

on the information contained in Plaintiff's affidavit, the court finds that Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs. Thus, Plaintiff's application to proceed *in forma pauperis* is allowed.

## DISCUSSION

### I. Background

Plaintiff brought this action against Defendants for actions taken in connection with a civil case Plaintiff instituted against Kris Gilbert in the Pasquotank County Superior Court, North Carolina. The Pasquotank County case stems from a conflict concerning real property in Virginia, which Plaintiff had rented from Gilbert. Plaintiff reports that the condition and surroundings of the property were not as advertised by Gilbert. As a result, Plaintiff left the Virginia rental property and moved to North Carolina. Plaintiff filed the action in Pasquotank County to recoup his losses in the move, as well as for return of his rental deposit. Defendant Ellis was the attorney who represented Gilbert in the state-court proceedings. Plaintiff reports that the case was dismissed for lack of personal jurisdiction.

In the complaint before this court, Plaintiff asserts that actions taken during the state-court proceedings violated his Fourteenth Amendment rights, as well as 42 U.S.C. § 1983. Plaintiff alleges the following: (1) Defendants Thornley and Stokely perpetrated a fraud "by allowing in Gilbert's fatally flawed, defective and improper letter as her Answer/Response to Coleman's Complaint"; (2) Thornley and Stokely committed fraud and obstructed justice "by allowing in Gilbert's grossly defective letter which provided no [n]otice to Coleman as required by Rule 5 NCRCP"; (3) Thornley and Stokely committed fraud and obstructed justice "by willfully and

2

maliciously refusing to enter a default and default judgment for Coleman as required by Rule 55"; (4) Defendant Ellis committed fraud "by willfully, and maliciously, filing a Notice of Appearance and Certificate of Service Ellis knew to be defective, improper, untimely and contrary to NCRCP"; (5) Defendant Tillett's decisions on the state proceedings violated Plaintiff's Fourteenth Amendment rights and 42 U.S.C. § 1983; and (6) Thornley and Stokely denied Coleman his right to appeal. (Compl. at 3-10 [DE #1-1].) Plaintiff requests relief in the form of criminal charges being brought against Defendant Thornley and damages in excess of $60,000. (Compl. at 11.)

## II. Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

3

Rule 8 of the *Federal Rules of Civil Procedure* requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

### III. Judicial Immunity

Plaintiff names Judge Jerry Tillett as a defendant for certain rulings made by him in the Pasquotank County action, including the dismissal of Plaintiff's claims against Gilbert. "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v.*

4

*Sparkman*, 435 U.S. 349, 355-56 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.*

Here, Plaintiff's claim arises from Judge Tillett's judicial actions in entering an order of dismissal and ruling on court filings, matters over which he had jurisdiction. Therefore, Judge Tillett is immune from suit, and the claims against him should be dismissed.

### IV. Quasi-Judicial Immunity

Plaintiff has also sued Defendant Thornley, the Clerk of Superior Court for Pasquotank County, and Defendant Stokely, an assistant clerk. However, quasi-judicial immunity protects court clerks when carrying out judicial functions. *See Jarvis v. Chasanow*, 448 F. App'x 406, 406 (4th Cir. 2011) (per curium) (unpublished) (citing *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983)). Here, the only conduct that Plaintiff asserts in his complaint concerning the Pasquotank County Clerk of Court is the filing and retention of judicial documents. Plaintiff's claim is therefore barred by quasi-judicial immunity. *See, e.g., Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010) ("[I]nasmuch as plaintiff is attempting to make claims which arise out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers, these claims are barred by the doctrine of judicial immunity.").

### V. Improper Defendant

5

Plaintiff also names Mr. Ellis, Gilbert's attorney in the underlying state action, as a defendant in this case. Section 1983 requires a finding of state action. 42 U.S.C. § 1983. "[P]rivate lawyers do not 'act under color of state law' merely by making use of the state's court system." *Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (citing *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)). Thus, Plaintiff's § 1983 claim should be dismissed against Defendant Ellis.

## VI. *Rooker-Feldman* Bar

Moreover, Plaintiff is challenging the state court's order dismissing Plaintiff's claim for lack of personal jurisdiction and the decisions of the court concerning documents filed with the state court. This court lacks jurisdiction as Plaintiff's right to appeal would lie in the North Carolina appellate courts and, thereafter, to the United States Supreme Court.[1] As recognized by the Supreme Court, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983); *see also Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198-99 (4th Cir. 2000). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Plaintiff is directly challenging the decision of the state court to dismiss for lack of jurisdiction, as well as decisions of the court and the clerk of court to allow certain filings and to allow the appearance of Defendant Ellis. This would necessarily require

---

[1] It appears that Plaintiff wants to appeal the superior court decision, but it is unclear whether he has done so.

review of the state-court judgments, which is prohibited under the *Rooker-Feldman* doctrine. Because the court is without jurisdiction to review the judicial actions of the Pasquotank County Superior Court, Plaintiff's claims against Defendants should be dismissed on this ground as well.

## CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is ALLOWED, and it is RECOMMENDED that Plaintiff's claims be DISMISSED for lack of jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **August 24, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the

7

Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 7th day of August 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge